## Joseph Weissenrieder, Appellee, v. Anthony J. Stumpf, Appellant.

### Gen. No. 20,550.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. Jesse A. Baldwin, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed. Opinion filed June 24, 1914.

### Statement of the Case.

Bill by Joseph Weissenrieder against Anthony J. Stumpf and William C. Heinemann asking that on final hearing the defendants be restrained from incumbering, disposing of or collecting or in anyway transferring a certain trust deed and notes described in the bill and for a mandatory order compelling them to surrender the same to complainant. Later, the bill was dismissed as to Heinemann and an amended bill was filed against defendant Stumpf alone, averring on information and belief that the deed and notes had been transferred by Stumpf to Heinemann and by him to an innocent purchaser without notice and praying for an injunction restraining Stumpf from transferring or incumbering certain real estate and shares in an incorporated company owned by him, and for an accounting. The bill as amended was presented to the chancellor who, without notice to the defendant and without requiring an injunction bond, ordered a writ of injunction to issue. To reverse the order, defendant appeals.

A. G. Dicus, for appellant.

No appearance for appellee.

Mr. Justice Graves delivered the opinion of the court.

426    APPELLATE COURTS OF ILLINOIS.

Raymond C. P. Co. v. Hartman F. & C. Co., 187 Ill. App. 426.

## Abstract of the Decision.

1. INJUNCTION, § 183*—*when amended bill must be verified.* To warrant a temporary injunction without notice on an amended bill, the averments of the amended bill must be verified.

2. INJUNCTION, § 189*—*sufficiency of bill to enjoin transfer of property.* A bill to enjoin a person who had transferred a trust deed and notes from transferring or incumbering certain real estate and personal property owned by him and for an accounting *held* not to aver sufficient facts to warrant an injunction without notice or with notice, where there is no showing that defendant is insolvent, or that a decree for any amount found by an accounting to be due complainant could not be enforced if the property was sold, or that the money derived from the sale of the trust deed and notes were invested in the property which the defendant was to be restrained from selling, or that complainant's rights would be in anyway prejudiced by the sale of the property.